THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACOB DOLL & SONS, INC., and Others, Relators, *v.* MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, July 11, 1939.

*Guggenheimer & Untermyer* [*Richard W. Wilson, Eugene Untermyer* and *Horst Kurnik* of counsel], for the relators.

*John J. Bennett, Jr., Attorney-General,* [*Wendell P. Brown Assistant Attorney-General,* of counsel], for the respondents.

HILL, P. J. Review, under tax certiorari, of a determination made October 5, 1936, by the State Tax Commission, affirming the original assessments of relators' franchise taxes levied under article 9-A of the Tax Law for the tax years beginning November 1, 1922, 1923, 1924 and 1925, and ending respectively October 31, 1923, 1924, 1925 and 1926.

While most of the facts are stipulated, there is a wide variance in the inferences drawn by the parties. Primarily this misunderstanding arises from relators' assertion that the Commission was required to assess the taxes on a consolidated basis, that is, on the combined net income of the parent and subsidary corporations, or the combined issued capital stock representing assets or capital employed or within this State by the parent and subsidiary companies, or the minimum tax which then was ten dollars. On the other hand, the Commission says the tax was properly assessed against the individual corporations and that the " peculiar " situation presented made it necessary that some of the assessments be made by one method prescribed in section 214 of the Tax Law, while other of the corporations were properly assessable under alternative methods. To illustrate, for the tax year beginning November 1, 1922, the assessment against the parent corporation, Jacob Doll & Sons, Inc., was made on its issued capital stock under method (2) of section 214; method (1), the minimum, was used for two of the subsidiaries, and (3), net income, as to two, and no tax was assessed against one, it being a New Jersey corporation. It is unquestioned that the stock of five of the relator corporations was owned by the sixth, Jacob Doll & Sons, Inc., and the Commission could have required, or permitted them to file a consolidated report (Tax Law, § 211, subd. 9). The report which they did file was intended as a consolidated report. The Commission did not assess the tax on the combined entire net income or the combined assets as the Tax Law permits (§ 214, subd. 7), but, as earlier mentioned, taxes were assessed against the individual corporations. While the Tax Law provides that the Commission may permit or require the filing of a combined report by corporations owned by the same interests, its counsel argue that if it permits a combined report to be filed, it is authorized by subdivision 9 of section 211 and subdivision 7 of section 214, to assess the tax as though all the assets or net income belonged to one corporation, or at its discretion, against the individual corporations, from the information contained in the combined report or obtained from any other source, power to determine whether the combined or individual method is to be used being entirely optional. Authority to sustain this contention is not presented, but it is not necessary to determine that question, as the time within which relators may review the original determinations has passed.

The original decision as to the last year involved, 1925, was made by the State Tax Commission on April 9, 1926, and as to the previous years at earlier dates. Under the Tax Law (§ 218), the

application for a review must be made within one year, and relators did not apply within that time. As required by section 219-d, the Commission on May 22, 1928, revised its finding as to net income in accordance with the determination made by the United States Commissioner of Internal Revenue. No other change or modification could have been considered at that time by the Commission. (*People ex rel. International Salt Co.* v. *Graves*, 267 N. Y. 149.) On October 5, 1936, the Commission again examined the matter and affirmed the original assessment as revised in 1928. The proceedings had by the Commission under section 219-d to revise its decision as to net income in conformity with the findings of the United States Commissioner of Internal Revenue, is all that we may consider.

The relators complain because the Tax Commission refused to levy the tax on a combined basis, and because it was levied against the individual corporations. If this determination of the Tax Commission is reviewable, it is under section 218 and, as earlier stated, the Statute of Limitations therein provided has run. The relators feel themselves aggrieved in another particular. They say that for the tax years beginning November 1, 1923 and 1925, the Commission assessed the tax on a combined basis. This is not the fact. In fixing the tax of Jacob Doll & Sons, Inc., for those tax years, the Commission applied method (2), that is, a levy of one mill upon each dollar of the issued capital stock representing New York property. As to the other five corporations, one of the other methods provided by section 214 was used. In fixing the Doll tax on the issued capital stock basis, the Commission took the stock of all six corporations and computed the Doll tax thereon. This, of course, was harsh and unfair, and in fact was double taxation in a sense. The reason assigned therefor is that the combined return did not show the amount of the capital stock issued by the Doll corporation which represented assets in this State as compared with the total gross assets, while the combined report did show the relation between State and gross assets of all the corporations, and it is asserted that it was necessary to assess the tax on that basis. Letters were introduced as exhibits wherein the Doll Company was requested to give additional information concerning the relation which its State assets bore to its entire assets wherever located. The failure to furnish the information requested in these letters is the explanation of the Commission for the seeming inequity. Relators' right to a review thereof terminated with the expiration of one year from the date of the original decisions. The review under section 219-d, as earlier stated, is limited to corrections in

484

net income to make it accord with the decision of the Commissioner of Internal Revenue.

The determination should be confirmed.

CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.